LAND, J.
 

 On March 2, 1920, the defendant, Raoul V. De Gruy, and Edward Wunderlich sold to the plaintiffs Elmore Cire and Charles M. Delhomme “all and singular the drug store business known as ‘Bijou No. 5,’ situate 6101 Hurst street, corner of Webster street, in the city of New Orleans.”
 

 This sale also included “all stock, fixtures, good will, right of occupancy under lease beginning March 1, 1920, and ending Eeb. 28, 1930, and all appurtenances thereunto belonging, and all as fully known to the parties hereto, and more particularly set forth in the inventory taken by the parties.”
 

 On January 18, 1921, the defendant, Raoul V. De Gruy registered with the secretary of state the trade-mark “Bijou Pharmacy,” and on March 26, 1921, the plaintiffs were notified by letter written by the attorney of defendant that this trade-mark had been used by Wunderlich & De Gruy, and had been legally registered with the secretary, and demand was made upon plaintiffs to desist in violating the right of Wunderlich & De Gruy to the exclusive use of the term.
 

 On June 26, 1922, plaintiffs filed the present suit against the defendant, Raoul V. De Gruy, for damages in the sum of $5,302, alleging the wrongful act of defendant in causing registration of said trade-mark, and the circulation of information that petitioner was using the name “Bijou Pharmacy,” without legal right to do so.
 

 The damages claimed by plaintiffs are itemized as follows:
 

 For mental suffering and annoyance..........$2,500
 

 For damage to business.......................... 2,500
 

 For expense in protecting tbeir business...... 302
 

 The jury awarded plaintiffs damages in the sum of $500, and defendant has appealed.
 

 1. It is patent from the language of the act of sale conveying to plaintiffs “all and singular the drug store business known as Bijou No. 5” that plaintiffs acquired the right to use 'the trade-name “Bijou No. 5” in connection with their drug business. At the date of the sale, March 2,1920, this trade-name had not been registered by defendant. In fact, it was not recorded by him with the secretary of state until January 18, 1921. Six months after the sale defendant caused a contract in his name for a private phone that had been used in the “Bijou No. 5” to be transferred to plaintiffs as a “Bijou No. 5” phone.
 

 It was not until March 26, 1921, or over a year after the sale, and over two months after the registry of the trade-mark, that defendant made a feeble effort to assert his right to the exclusive use of the trade-mark “Bijou No. 5” through a letter of protest against its use by plaintiffs, written by his attorney. However, no injunction was ever issued against plaintiffs to restrain them from the use of the trade-mark, and defendant admitted, when called on cross-examination by plaintiffs, that the reason that he discontinued the suit against plaintiffs was that
 
 *339
 
 his attorney had advised him “that it was better to let the matter drop, or something to that effect.”
 

 The testimony of defendant and Wunderlich that, at the time of the sale, it was understood that plaintiffs should be permitted to use the trade-name “Bijou No. 5” only for a reasonable time was objected to by counsel for plaintiffs, and should have been excluded as contradicting or varying the written act of sale in the case.
 

 Defendant, admits in his testimony on cross-examination by plaintiffs that, in addition to causing the letter to be written to plaintiffs by his attorney, he called plaintiffs over the phone and requested them to desist from using this trade-name. He admits that he advised the creditors of plaintiffs that he had recorded the trade-mark. ,
 

 The testimony shows also that defendant gave similar advice to a label drummer.
 

 The conduct of defendant was a clear and unwarranted invasion of plaintiffs’ legal right to the use of this trade-name, aside from the annoyance and humiliation to which plaintiffs were subjected.
 

 On January 1, 1921, the defendant owned three of the six “Bijou” drug stores formerly operated in the city of New Orleans by the partnership ’ of Wunderlich & De Gruys; Wunderlich retaining the ownership of drug store No. 3.
 

 Under the circumstances of the case, plaintiffs should obtain substantial damages, and we are of the opinion that the verdict of $500 is not excessive.
 

 Defendant complains that plaintiffs are not entitled to recover attorneys’ fees as a part of the damages. As the verdict of the jury is a lump sum of $500, it is not apparent to us that attorneys’ fees have been included in this amount.
 

 Judgment affirmed.